Pearson, C. J.
 

 After the emancipation of the slaves, “ a person of color ” is a sufficient description to show his
 
 status;
 
 and it is no longer necessary to use the word “ free,” in order ■to describe a free negro; for now they are all free. In our case the deceased was
 
 a slave
 
 at the time of his death, and the attention of the Solicitor who drew the bill of indictment seems not to have been called to that fact; and the question is, can an indictment for the murder of a slave, in which the fact of his being a slave is not set out, be supported.
 

 There is no case to be found in our books of an offense committed by a slave, or upon a slave, in which the indictment does not set out the fact
 
 of Ms being a slave.
 
 Immemorial usage seems to have divided our community into three classes, in reference to the form of bills of indictment: 1st. In regard to a white man, his Christian and surname is enough; 2d. As to a free person of color, besides his chris
 
 *224
 
 tian and surname, his
 
 status
 
 as a free person of color is set out in every precedent that we have been enabled to find; 3d. In the case of slaves, they are described by their Christian name only, for most usually they have no surname, and the fact of being a slave added to the Christian name is considered a sufficient description. In
 
 State
 
 v.
 
 Scott,
 
 1 Hawks, 24, the fact that Caleb was a slave is set out in the indictment, and the case is made to turn upon a point to which we will take occasion to refer below. In our case the fact that the deceased was a slave is not set out in the indictment, and, in the absence of any authority to support this departure from the precedents, we feel bound to adhere to the “ ancient landmarks of the law.” Suppose an indictment charge the killing of a “human being” — that would be too indefinite ; or the killing of “ Caleb,” without further description— who could tell whether “ Caleb ” was a horse, a mule or a slave ? And, the suggestion that this uncertainty might, on a plea of
 
 autre fois acquit,
 
 be removed by affidavit and proof of the fact that “ Caleb ” was a slave, does not meet the objection; for the prisoner is entitled at the outset to be informed of the offense with which he stands charged, and there can be no reason why he should be afterwards subjected to the trouble and inconvenience of being obliged to prove matters which ought to appear on the face of the record.
 

 In short, we feel bound, very reluctantly, to award a
 
 venire de novo;
 
 for, of course, the Solicitor will send a new bill with the proper averments; but the prisoner is entitled to the tenderness of the law in favor of life, and to take the chances.
 

 We will now advert to “ Scott’s case,” which was much pressed on the argument.
 

 The indictment charges the killing of Caleb,
 
 a slave,
 
 the property of Fred. S. Marshall, and the court held that it was not necessary to prove property in Fred. S. Marshall,
 
 *225
 
 and put their decision on “ Pye’s case.” It is not necessary for us to quarrel with this case, for the indictment sets out that “ Caleb ”
 
 is a
 
 slave, which answers our purpose; but we will take occasion to remark that the decision is not supported by Pye’s case, upon which it purports to rest. In Pye’s case it is held that
 
 the place
 
 at which an act is done does not enter into the essence of the offense, and a variance between the allegation and proof in regard to place is not fatal; as, if an assault and battery be alleged in a dwelling house, and the proof shows it to have been in the street; for, provided it be within the county, the exact spot is immaterial. It is laid down generally in the books that “ time and place ” need not be proved as laid, except when time or place enters into the essence of the offense, and is a neces • sary part of the description; and it is also laid down that whatever is alleged as
 
 a part of the description
 
 must be proved as laid, although the allegation need not have been made. So, if we suppose it sufficient to charge the killing of Caleb,
 
 a slave,
 
 without saying to whom he belonged, if the additional description is made, that it is Caleb, a slave who belongs to A B, it must be so proved, for it is a part of the description, by which this Caleb is distinguished from another Caleb the property of C D.
 

 There is error.
 

 Per Curiam.
 
 Venire de novo.